**ARTHUR PIERSON & COMPANY, INC.,**
n/k/a Pierson & Flynn, Inc., Plaintiff–
Appellee and Cross–Appellant,

v.

**PROVIMI VEAL CORPORATION,**
Defendant–Appellant and
Cross–Appellee.

Nos. 88–2977, 88–3011.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 8, 1989.

Decided Oct. 24, 1989.

Richard J. Cochran, Timothy K. Travers,
Tenney & Bentley, Chicago, Ill., for plain-
tiff-appellee and cross-appellant.

Diane Slomowitz, Thomas P. Shannon, Bruce C. O'Neill, John H. Schaller, Fox, Carpenter, O'Neill & Shannon, Milwaukee, Wis., Thomas W. Duda, Thomas Cannon, Cooper & Cooper, Buffalo Grove, Ill., for defendant-appellant and cross-appellee.

Before CUMMINGS and POSNER, Circuit Judges, and GORDON, Senior District Judge.[1]

MYRON L. GORDON, Senior District Judge.

After a bench trial, the district court, applying Illinois law to the underlying contract dispute, entered a money judgment in favor of the plaintiff. The defendant appeals from that final judgment; the plaintiff has filed a cross-appeal claiming that the district court erred in denying the former's request for prejudgment interest.

Jurisdiction in the district court was pursuant to 28 U.S.C. § 1332 and § 1441. This court has jurisdiction to entertain the appeals pursuant to 28 U.S.C. § 1291. For the reasons stated herein, we affirm the judgment of the district court.

## PROVIMI'S APPEAL

The defendant-appellant, Provimi Veal Corporation [Provimi], seeks to have the judgment overturned on the grounds that: (1) the district court abused its discretion in setting the trial dates at times inconvenient to Provimi; (2) the district court denied Provimi a fair trial because the district court disliked Provimi's counsel; and (3) the district court's findings of fact and conclusions of law are clearly erroneous.

The first issue is whether the district court abused its discretion in setting the trial dates. After the plaintiff, Arthur Pierson & Co., Inc. (Pierson), instituted this breach of contract action in the circuit court of Cook County, Illinois, on October 17, 1986, Provimi removed the case to the district court on November 14, 1986; the removal was based on the diversity of the parties' citizenships. The plaintiff is an Illinois corporation; the defendant is a Wisconsin corporation.

On July 22, 1987, the district court dismissed the action for lack of prosecution. See Rule 41, Federal Rules of Civil Procedure. On May 24, 1988, the plaintiff learned of the dismissal and thereafter petitioned the district court to reopen the action. After conducting hearings on June 2, 1988, and June 9, 1988, the district court granted Pierson's motion to reopen its action. The district court then scheduled the matter for trial to commence on July 26, 1988, a date convenient for all the parties.

On Thursday, June 16, 1988, the district court granted Pierson's motion to reset the trial date and set the case on for trial on Monday, June 20, 1988. The defendant lodged an objection to the scheduling decision on the ground that its lead counsel could not be present on that date. The record is unclear as to the date on which the defendant's objection was first filed.

On Monday, June 20, 1988, a substitute counsel appeared for the defendant and moved for the rescheduling of the trial to a date when Provimi's lead counsel and witnesses could appear. The case was reset to the following day, at which time the plaintiff's counsel conducted the direct examination of its only witness, Arthur Pierson. Provimi's lead counsel was not present for the direct testimony of Mr. Pierson, but after reviewing the transcript of the direct, lead counsel did appear on June 28, 1988, and conducted the cross-examination of Mr. Pierson. The trial was then suspended until July 26, 1988, to accommodate Provimi's witnesses. Additional scheduling difficulties required the trial to be reset to August 8, 1988, and the testimony of all witnesses was completed on that date. The district court issued its findings of fact and conclusions of law on September 9, 1988.

This court reviews the scheduling decisions of a district court to determine whether the district court abused its discre-

---

**1.** Honorable Myron L. Gordon, Senior District Judge of the Eastern District of Wisconsin, is sitting by designation.

tion in setting the trial dates. *United States v. Zambrana,* 841 F.2d 1320, 1327 (7th Cir.1988) (citing cases); *see also United States v. United Pacific Insurance Company,* 427 F.2d 366, 373 (7th Cir.1970). "An abuse of discretion is established only where no reasonable [person] could agree with the district court; if reasonable [persons] could differ as to the propriety of the court's action, no abuse of discretion has been shown." *Hough v. Local 134, IBEW,* 867 F.2d 1018, 1022 (7th Cir.1989) *quoting Smith v. Widman Trucking & Excavating,* 627 F.2d 792, 796 (7th Cir.1980).

 "[A] district court no doubt has substantial inherent power to control and to manage its docket." *In re Strandell,* 838 F.2d 884, 886 (7th Cir.1987), *citing Link v. Wabash R.R.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). In exercising that power, the district court must strike a balance between the needs for judicial efficiency and the rights of the litigants. *Strandell,* 838 F.2d at 886–87. In the case at bar, we conclude that the district court properly offset the competing interests.

When the district court reinstated the action after the dismissal for lack of prosecution, both sides agreed that they could proceed to trial within a very short period of time. Conflicting calendars then posed obstacles to the court and to the parties. Attempts to appease all concerned caused the trial dates to be juggled. It is clear, however, that the judge tried to accommodate both sides' witnesses and attorneys. At worst, the defendant's lead attorney was able to cross-examine the plaintiff's lead witness after having had the opportunity to read the transcript of the latter's direct testimony. The fact that the trial occurred in a piecemeal fashion does not render the trial unfair.

 As a second ground for reversal, Provimi argues that the district court was prejudiced and exhibited impatience or dislike toward Provimi's counsel. A similar argument was recently rejected by this court. "Friction between court and counsel does not constitute bias." *F.T.C. v. Amy Travel Service, Inc.,* 875 F.2d 564,

576 n. 13 (7th Cir.1989). The defendant's accusations of bias and hostility on the part of the district judge are simply not supported by the record.

The friction alleged in the case at bar is also the springboard for Provimi's third argument. It maintains that the district court's findings of fact and conclusions of law are clearly erroneous. Provimi asserts that the district judge's bias prevented him from assessing the evidence objectively.

This court will reverse the factual findings of the district court only if those findings are clearly erroneous. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Doe v. First National Bank of Chicago,* 865 F.2d 864, 874 (7th Cir.1989), quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511 (1985).

In the case at bar, the district court based its conclusions on inconsistencies in the physical evidence, the lack of credibility of Provimi's witness and ambiguities in the correspondence between the parties. The trial court's factual findings are well supported by the record.

### PIERSON'S CROSS–APPEAL

Pierson complains that the trial court erred when it failed to award prejudgment interest. Pierson contends that it was entitled to prejudgment interest because its fees were based upon an instrument of writing, or, alternatively, because Provimi unreasonably delayed payment of the fees. We conclude that the district court correctly determined that Pierson's claim for prejudgment interest was not based on "an instrument of writing" as that term is used in Illinois Revised Statutes, Chap. 17, Par. 6402. In addition, we hold that the district court's alternative finding that "the [defendant] had a legitimate basis for contesting the scope of the oral agreement" is supported by the record.

 Pierson has framed the first issue on the cross-appeal as "whether a written

confirmation of an oral contract is an instrument of writing as used in [Chap. 17, Par. 6402 of] the Illinois Revised Statutes." Brief of cross-appellant, p. 24. The statute provides, in pertinent part:

§ 2 Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; ... and on money withheld by unreasonable and vexatious delay of payment.

An instrument of writing is one which "creates an indebtedness and is similar in effect to a bond, bill or promissory note." *First Arlington National Bank v. Stathis*, 115 Ill.App.3d 403, 71 Ill.Dec. 145, 155, 450 N.E.2d 833, 843 (1983), citing *Hamilton v. American Gage & Machine Corp.*, 35 Ill. App.3d 845, 342 N.E.2d 758 (1976). Notwithstanding Pierson's position throughout the trial, and on appeal, that its claim for money damages was based on an oral contract, it maintains that the following passage from a "contract report" it wrote on October 7, 1985, should have been considered by the district court as an "instrument of writing":

It is agreed that the Agency would undertake responsibility for implementing the Provimi Plan on a fee basis until such time as media commissions exceeded the retainer. Agency time for marketing, creative development, account service and research planning will be billed at the universal rate of $100 per hour against a $10,000 monthly retainer. Activity will be reviewed at the end of each quarter, reconciled and balanced over the following quarter. All production will be billed at cost plus 17.65% and media commissions of 15% will be accrued against the retainers paid.

One problem with Pierson's argument is that the October 7, 1985, "contract report" is not the only writing which addresses the payment arrangement. On October 21, 1985, Provimi's president wrote to Pierson expressing his desire to pay for work as it was completed and not deduct charges against a retainer. In a reply letter, dated October 30, 1985, Arthur Pierson agreed to change the format for payment, stating:

If you prefer to pay as you go, we can certainly operate on such an agreement. It will be impossible to give you a fixed cost, however, we can closely estimate our creative development time and production budgets.

When read in conjunction with one another, the letters do not amount to a bill or a promissory note; nor do the letters reflect an amount of indebtedness that is readily ascertainable from the face of the documents. Under Illinois law, not only must there be an instrument of writing, but also it must contain a fixed or readily ascertainable amount of debt. *Ricci v. Reed*, 169 Ill.App.3d 1062, 120 Ill.Dec. 307, 311, 523 N.E.2d 1218, 1222 (1988); *see also, Cushman & Wakefield v. Northbrook 500 Ltd.*, 112 Ill.App.3d 951, 68 Ill.Dec. 460, 468, 445 N.E.2d 1313, 1321 (1983).

Alternatively, Pierson contends that Provimi unreasonably and vexatiously delayed paying for services rendered. "Whether the delay was unreasonable and vexatious is a question of fact to be determined by the trial court. We will not disturb that determination unless it is contrary to the manifest weight of the evidence." *Charles Selon & Assoc. v. Estate of Aisenberg*, 103 Ill.App.3d 797, 59 Ill.Dec. 457, 460, 431 N.E.2d 1214, 1217 (1981) (citations omitted).

"Neither an honest dispute regarding the existence of a legal obligation nor the defense of a lawsuit can be regarded as unreasonable and vexatious delays of payment. Rather, the claimant must show that his opponent has thrown obstacles in the way of collection or has otherwise induced the creditor to delay collection proceedings or such claimant must establish conduct on the part of his opponent which is tantamount to fraud." *Pietka v. Chelco Corp.*, 107 Ill.App.3d 544, 63 Ill.Dec. 223, 234, 437 N.E.2d 872, 883 (1982) (citations omitted).

Pierson asserts that although Provimi knew it should have paid for services rendered, it had no intention of paying for the services and allowed Pierson to continue

working despite Provimi's intention not to pay for the services. In the case at bar, the district court determined that Provimi "had a legitimate basis for contesting the scope of its liability to Pierson & Company under their oral agreement." Findings of Fact and Conclusions of Law dated September 9, 1989, at page 9. We find no reason to disturb the findings of the district court.

Accordingly, the district court's judgment in favor of the plaintiff but denying the plaintiff's request for prejudgment interest is affirmed.